UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ARTHUR CROSS, JR.,

    **Plaintiff,**

v.                                                   No. 4:23-cv-00216-P

PALO PINTO COUNTY COURTHOUSE

    **Defendant.**

## MEMORANDUM

The case is before the Court for review of pro-se-inmate/plaintiff Arthur Cross, Jr., ("Cross")'s operative pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all Cross's claims under 42 U.S.C. § 1983 must be dismissed under authority of these provisions.

## BACKGROUND

Cross initiated this case with the filing of a handwritten letter. Compl. 1, ECF No. 1. In order to clarify Cross's claims, the Court ordered him to complete and file a civil-rights complaint form, which he did by completing and filing that document as an amended complaint. Am. Compl. 1-6, ECF No. 6. After review of that document, the court ordered Cross to answer the Court's particular questions in the form of a more definite statement. Ord. For More Definite Statement (MDS). ECF No. 13. Cross filed a responsive document entitled "Plaintiff's More Definite Statement." MDS 1-6, ECF No. 16.

In the amended complaint, Cross names as defendants the Palo Pinto County Courthouse, Michael Moore, District Judge, 29th District County, Palo Pinto County, Texas, and District Attorney Christy Burkett.[1]

---

[1] The Palo Pinto County, Texas website lists the 29th Judicial District Attorney as "Kriste Burnett," See https://www.co.palo-pinto.tx.us/page/palopinto.District Attorney, last visited October 23, 2023. The Court will assume Cross' allegations are asserted against Kriste Burnett.

Am. Compl. 3, ECF No. 6. Cross included the following statement of claim, restated here as written:

> 1. Judge appointed a criminal to represent me. After I objected he still wouldn't appoint me another lawyer. 2. Judge denied to give me a bond. 3. Judge refused to give me a hearing or grant me discovery. 4. DA submitted evidence to grand jury knowingly that the evidence was falsified and deceptive and prejudicial to get me indicted. She knew that informer lied. 5. DA participated in violating my attorney client privileges. She plotted with my lawyer and discussed the strategy with my lawyer to try and get a conviction. My rights were not read and a arrest warrant was never shown.

Am. Compl. 4, ECF No. 1. As noted, the court asked several questions about this narrative in an effort to understand Cross's claims. ECF No. 13. In response, Cross provided several additional allegations against the actions of his appointed lawyer, Tim Ford, including allegations that Ford failed to inform Cross that he had also represented his cousin Kevin Cross on similar charges. MDS 1. He also added the following recitation of facts and allegations against Ford:

> Tim Ford would not file motion for discovery, question any witness or discuss any type of defense for the Plaintiff. When Tim Ford was appointed Plaintiff's attorney the Plaintiff told Mr. Ford he could not have a fair trial in Palo Pinto Co. and one of the reasons was because of his cousin's conviction. Tim Ford's only reply was that he wasn't going to file anything. The only time I saw Tim Ford was when I was summon to court appearance. Five days before my trial date I told Tim Ford I had proof that the recording on March 21, 2022 was deceptive and that the police and informer lied. I asked Tim Ford to let me show him. He said no, he was not going to show me the tape again. We were in the courtroom. We argued, then he started discussing my case to another

2

> defendant. Next he went and told the DA my defense. All of this can be verified by reviewing the courtroom tapes of the appearances I made in that courtroom. I informed the judge that Tim Ford has not done anything to assist in my defense. I asked to be appointed another lawyer the Judge refused. I asked to represent myself – the judge said we will discuss it. Monday which was five days away and the date I was scheduled to go to trial. On Monday the judge granted me permission to represent myself. However, because of Tim Ford's failure to file any motion I had no evidence to examine. The judge allowed me to view the tape for about ten minutes however the tape was about 90 minutes long. I was given a large stack of papers which included witness statements, I was not given any time to review them.
>
> Next, instead of taking me to trial on the events that happened on March 21, 2022, the DA changed to try him on events of another date April 25, 2022. First, I had saw a little of the tape of March 21, 2022 and could prove it was deceptive but I hadn't seen the tape all the way of the evetns of April 25, 2022. Because of time Ford notifying the DA she changed the order of prosecution. Ten minutes later I had to perform the duty of picking a jury, Because of ineffective assistance of counsel I was denied due process of the law. I was harmed by given a life sentence. Cause No. 17958. [sic].

MDS 1-3, ECF No. 16. With regard the alleged actions of Judge Moore, Cross writes:
> The judge did not allow the plaintiff to examine the evidence before trial. The judge did not allow plaintiff time to contact witnesses, the judge allowed states' witnesses to lie on the witness stand. The judge allowed for blacks to be excluded

3

> from the jury. The judge allowed for evidence of plaintiff been guilty of other crimes to pe permitted by the DA to totally destroy any chance of plaintiff being innocence before the trial began, during voir dire. The judge lied to the plaintiff by telling him he was not going to allow old state cases to be used by the DA as enhancement. [sic]
>
> The judge refused to appoint another attorney to represent me even after he knew that my attorney Tim Ford had done nothing to assist me in preparing for my trial. The judge was aware the DA had suppressed information that was favorable to my defense, and did nothing. The judge was aware that the DA used falsified deceptive evidence to get me indicted. The judge and DA were sending signals to each other during the trial. This evidence was exposed when the judge ruled he would not let the state cases of mine to be admitted the DA hit her desk real hard and disturbed the judge and the judge changed his ruling and allowed her to use the old cases. The judge was aware I had filed a complaint against Palo Pinto. He retaliated by violating all my rights and denying me due process and making me go to trial without being given an opportunity prepare for trial. Five days before trial I asked permission to represent myself. The judge told he to wait until Monday which was the date the trial was to begin to discuss it. He intentionally and by design denied me the opportunity to prepare for trial. [sic]

MDS 3-4, ECF No. 16.

As to the allegations against the district attorney defendant Cross also writes that "DA submitted evidence to grand jury knowing that the evidence was falsified and deceptive and prejudicial to get me indicted. She knew both the informer and police lied." MDS 4, ECF No. 16. Cross also alleges the DA plotted with his lawyer and "discussed the strategy

with my lawyer to get me convicted." MDS 5, ECF No. 6.

With regard to having named as a defendant the Palo Pinto County Courthouse, Cross updated this defendant to instead be listed as Palo Pinto County, Texas. MDS 5, ECF No. 16. With regard to the basis for naming Palo Pinto County as a defendant, Cross wrote "[w]hile I was in jail the employees of Palo Pinto County opened and read the mail I got from this court." *Id.* at 4.

### STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Cross is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Cross is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere

"labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### A.  Absolute Immunity

#### 1.  District Judge Moore

With regard to Plaintiff's claims for monetary compensation against Judge Michael Moore, 29th District Court, Palo Pinto County, Texas, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Boyd v. Biggers*, 31 F.3d 279, 284-285 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Cross does not make this showing. Rather, his claims arise solely from alleged conduct which occurred during and arising from the criminal case presided over by Judge Moore. Because the complained-of conduct by Judge Moore was judicial in nature and undertaken pursuant to the jurisdiction provided to the 29th District Court, Palo Pinto County, Texas. Judge Moore is entitled to absolute immunity from Plaintiff's claims for compensatory monetary damages.

#### 2.  District Attorney Kriste Burnett

The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Court has further explained that absolute

6

immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the [government]." *Imbler*, 424 U.S. at 431 n 33. Here, even assuming Cross's allegations against District Attorney Kriste Burnett are true, Burnett would have taken such actions in her role as a prosecutor on behalf of the State of Texas. Thus, defendant Burnett is entitled to absolute prosecutorial immunity from any claim for compensatory monetary damages.

**B.    No Color of Law**

Although Cross has not actually listed his attorney, Tim Ford, as a defendant, in his more definite statement, Cross included extensive allegations against Ford. MDS 1-3, ECF No. 16. Thus, the Court addresses his claims against Ford.

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir. 1993). As to the extensive allegations against attorney Ford, Cross has failed to satisfy the second element. Cross has failed to show that Time Ford, a private attorney, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state. *See Thompson v. Aland*, 639 F. Supp. 724, 728 (N.D. Tex.1986) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

Furthermore, Cross has made no specific factual allegations that Ford was acting on behalf of the government or in any way conspired with government officials. Thus, Cross has not alleged

7

facts to show that Ford was acting under color of law, such that any claim for violation of Cross's constitutional rights asserted through 42 U.S.C. § 1983 against defendant Tim Ford must be dismissed.

## C. No Jural Existence – Palo Pinto County Courthouse
## No Claim of Municipal Liability – Palo Pinto County, Texas

As noted above, Cross named as a defendant the "Palo Pinto County Courthouse." Am. Compl . 1-3, ECF No. 6. After the Court explained in the Order for an MDS the doctrine of jural existence, however, Cross answered that he was naming the defendant in this case [as] Palo Pinto County." MDS 5, ECF No. 16. Thus, Cross has abandoned his claims against the Palo Pinto County Courthouse and that defendant must be dismissed.

Cross alternatively names Palo Pinto County, Texas. *Id.* Cross writes "[w]hile I was in jail the employees of Palo Pinto County opened and read the mail I got from this Court. *Id.* Although a city or county is a "person" within the meaning of § 1983 a municipal government may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). The Supreme Court, in *Monell v. New York City Department of Social Services*, emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.

*Id.* at 694. Thus, to the extent Cross claims that Palo Pinto County is responsible to him due to the actions of county employees in allegedly opening mail, as this claim is essentially a claim that Palo Pinto County is responsible on a vicarious liability or *respondeat superior* basis, such claim is without legal merit.

Instead of vicarious liability for the actions of government

employees, § 1983 liability attaches against a local government entity only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 59 (2011) (quoting *Monell*, 436 U.S. at 692); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (liability "only where the municipality *itself* causes the constitutional violation at issue")(emphasis in original). An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Prince v. Curry*, 423 F. App'x 447, 450 (5th Cir. 2011) (quoting *Connick*, 563 U.S. at 60.)

The Court directed Cross to provide any "facts of any custom or policy that relates to your claims." Order for MDS 3, ECF No. 13. As noted, the only allegation in response as the claim that county employees open some court mail. Thus, Cross has provided no facts of a policy or custom to support any claim that Palo Pinto County, Texas could be liable to him for a violation of constitutional rights on the facts as stated.

## CONCLUSION

For all of the reasons set forth above, it is therefore **ORDERED** that all plaintiff Arthur Cross's claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **24th day** of **October 2023**.

*/s/ Mark T. Pittman*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE